IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr388-MHT |
| | ) | (WO) |
| BENJAMIN RODNEY MASON | ) | |

OPINION AND ORDER

This cause is before the court on the oral motions to continue made by the government and defendant Benjamin Rodney Mason during an on-the-record conference call on February 27, 2018. For the reasons set forth below, the court finds that jury selection and trial, now set for March 12, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

> offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Mason in a speedy trial. During an on-the-record conference call on February 27,

2018, the government and defense counsel represented to the court that they are working diligently toward a resolution of the case, which has required working with state and local officials. Through no fault of either party, no such resolution has been reached, and the parties need more time. The present trial date, now less than two weeks away, would require both parties to balance pursuing these efforts, which they agree are in the best interest of both the public and Mason, with preparing for trial. Accordingly, a continuance is warranted and necessary to allow counsel enough time to reach a resolution in this case, and, if necessary, prepare adequately and effectively for jury selection and trial.

***

Accordingly, it is ORDERED as follows:

(1) The oral motions made by both parties on February 27, 2018, for continuance of defendant Benjamin Rodney Mason's jury selection and trial are granted.

(2) The jury selection and trial, now set for March 12, 2018, are reset for April 16, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 28th day of February, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**